**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MULTIMODAL MEDIA LLC, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| TCL TECHNOLOGY GROUP | ) | |
| CORPORATION, TCL ELECTRONICS | ) | |
| HOLDINGS LIMITED, TCL | ) | |
| COMMUNICATION TECHNOLOGY | ) | |
| HOLDINGS LIMITED, TCL | ) | |
| COMMUNICATION LIMITED, TCT | ) | |
| MOBILE INTERNATIONAL LIMITED, | ) | |
| HUIZHOU TCL MOBILE | ) | |
| COMMUNICATION COMPANY LIMITED, | ) | |
| and TCL MOBILE COMMUNICATION (HK) | ) | |
| COMPANY LIMITED | | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Multimodal Media LLC ("Multimodal" or "Plaintiff") files this Original

Complaint against Defendants TCL Technology Group Corporation ("TCL Technology"), TCL

Electronics Holdings Limited ("TCL Electronics"), TCL Communication Technology Holdings

Limited ("TCL Communication"), TCL Communication Limited ("TCLC"), TCT Mobile

International Limited ("TCT"), Huizhou TCL Mobile Communication Company Limited

("Huizhou TCL Mobile"), and TCL Mobile Communication (HK) Company Limited ("TCL

Mobile (HK)"), collectively ("TCL" or "Defendants") for patent infringement under 35 U.S.C.

§ 271 and alleges as follows:

## THE PARTIES

1.      Multimodal is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 505 East Travis Street, Suite 208, Marshall, Texas 75670.

2.      Upon information and belief, Defendant TCL Technology Group Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business located at TCL Tech Building, 17 Huifeng Third Road, Zhongkai Hi-Tech Development District, Huizhou City, Guangdong Province, 516001, China, and may be served pursuant to the provisions of the Hague Convention. TCL Technology may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arose out of that business. Defendant TCL Technology is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. Upon information and belief, Defendant TCL Technology owns the trademark "TCL" which is marked on the Accused Products.[1] Upon information and belief, Defendant TCL Technology does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

3.      Upon information and belief, Defendant TCL Electronics Holdings Limited is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business located at 7th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science

---

[1] https://www.tcl.com/usca/content/dam/tcl/product/mobile/tcl-10-5g-uw/downloads/VZW%20TCL-T790S%20UM_20201020_FINAL.pdf

Park, Shatin, New Territories, Hong Kong, and may be served pursuant to the provisions of the Hague Convention. TCL Electronics may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arose out of that business. Upon information and belief, TCL Electronics is an indirect wholly-owned subsidiary of TCL Technology. TCL Electronics is involved in the manufacture and sale of TVs, smartphones, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services.[2] Upon information and belief, TCL Electronics does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

4.      Upon information and belief, Defendant TCL Communication Technology Holdings Limited is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business located at TCL Communication Technology Building, Block F4, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, 518052, China, and may be served pursuant to the provisions of the Hague Convention. TCL Communication may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arose out of that business. Upon information and belief, TCL Communication is a wholly-owned

---

[2] TCL Electronics Holdings Limited Annual Report 2020, at 141, https://doc.irasia.com/listco/hk/tclelectronics/annual/2020/ar2020.pdf

subsidiary of TCL Electronics,[3] which is an indirectly wholly-owned subsidiary of TCL Technology. Together with its subsidiaries, TCL Communication manufactures and sells smartphones. Upon information and belief, TCL Communication does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

5.     Upon information and belief, Defendant TCL Communication Limited is a corporation organized and existing under the laws of the People's Republic of China, having an address of 7/F, Block F4, TCL International E. City Zhong Shan Yuan Road, Nanshan District, Shenzhen, China, and may be served pursuant to the provisions of the Hague Convention. TCLC may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arose out of that business. TCLC is involved in the manufacture and sale of smartphones. Upon information and belief, TCLC does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

6.     Upon information and belief, Defendant TCT Mobile International Limited is a corporation organized and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with a principal place of business located at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong, China., and may be served pursuant to the provisions of the Hague Convention. TCT may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil

---

[3] *Id*. at 145.

Practice and Remedies Code Sec. 17.044). This action arose out of that business. TCT is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. Upon information and belief, TCL Communication is a wholly-owned subsidiary of TCL Electronics.[4] Upon information and belief, TCT does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

7.       Upon information and belief, Defendant Huizhou TCL Mobile Communication Company Limited is a corporation organized and existing under the laws of the People's Republic of China, with a principal place of business located at No. 3, Donghe South Road, Dongxin Area, Dongjiang Hi-tech Industrial Park, Zhongkai Hi-tech Zone, Huizhou City, Guangdong, China and may be served pursuant to the provisions of the Hague Convention. Huizhou TCL Mobile may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arose out of that business. Upon information and belief, Huizhou TCL Mobile is a wholly-owned subsidiary of TCL Electronics and is involved in the manufacture and sale of smartphones. Upon information and belief, Huizhou TCL Mobile does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

8.       Upon information and belief, Defendant TCL Mobile Communication (HK) Company Limited is a corporation organized and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China with a principal place of business located at 5/F, Building 22E, Hong Kong Science Park, 22 Science Park East Avenue, Sha Tin, Hong Kong, China, and may be served pursuant to the provisions of the Hague Convention. TCL Mobile

---

[4] *Id.*

(HK) may also be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute (Texas Civil Practice and Remedies Code Sec. 17.044). This action arose out of that business. Upon information and belief, TCL Mobile (HK) is an indirect wholly-owned subsidiary of TCL Electronics[5] involved in the manufacture and sale of smartphones. Upon information and belief, TCL Mobile (HK) does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

9.      Upon information and belief, the Defendants are part of an interrelated group of companies, which together comprise one of the world's largest manufacturers of televisions and smartphones and one of the leading sellers of televisions and smartphones in the United States, including the TCL and Alcatel brands. TCL, which refers to the company and its subsidiaries as the "Group," describes itself as one of the "world's leading consumer electronics company" and states that the Group is "mainly involved in the manufacture and sale of television ('TV') sets, smart mobile, smart connective devices and services, smart commercial display and smart home products and provision of Internet platform operating services."[6]

10.      Defendants have authorized sellers and sales representatives that offer and sell products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; Walmart Longview Supercenter, 515 East Loop 281, Longview, Texas 75605; T-Mobile, 900 East End Boulevard North, Suite 100, Marshall, Texas

---

[5] *Id.*
[6] *Id.* at 5, 141.

75670; Verizon authorized retailers, including Victra, 1006 East End Boulevard North, Marshall, Texas 75670.

## JURISDICTION

11.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    This Court has personal jurisdiction over Defendants. Defendants regularly conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

13.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, TCL is not a resident of the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). Venue is further proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, offers to sell, and/or imports infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District, such that this venue is a fair and reasonable one. Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

14.    Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and Judicial

District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting

business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue

from goods and services provided to customers in Texas.

### PATENTS-IN-SUIT

15.     On April 19, 2011, the United States Patent and Trademark Office duly and legally

issued U.S. Patent No. 7,929,949 (the "'949 Patent") entitled "Interactive Multimodal Messaging."

A    true    and    correct    copy    of    the    '949    Patent    is    available    at:

https://patentimages.storage.googleapis.com/de/d2/06/c5fdd722e0829b/US7929949.pdf.

16.     On January 31, 2012, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 8,107,978 (the "'978 Patent") entitled "Addressing Voice SMS

Messages."    A    true    and    correct    copy    of    the    '978    Patent    is    available    at:

https://patentimages.storage.googleapis.com/b2/d3/ed/b5ec3847b71d2c/US8107978.pdf.

17.     On November 10, 2015, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 9,185,227 (the "'227 Patent") entitled "Sender Driven Call

Completion System."    A    true    and    correct    copy    of    the    '227    Patent    is    available    at:

https://patentimages.storage.googleapis.com/d3/c6/6a/edeb45343417d3/US9185227.pdf.

18.     On February 4, 2020, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 10,552,030 (the "'030 Patent") entitled "Multi-Gesture Media

Recording    System."    A    true    and    correct    copy    of    the    '030    Patent    is    available    at:

https://patentimages.storage.googleapis.com/3a/9c/64/64210e08ecaf98/US10552030.pdf.

19.     Multimodal is the sole and exclusive owner of all right, title, and interest in the '949

Patent, the '978 Patent, the '227 Patent, and the '030 Patent (collectively, the "Patents-in-Suit"),

and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-

Suit, including the filing of this patent infringement lawsuit. Multimodal also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

20.    Multimodal has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

21.    The Patents-in-Suit generally cover systems and methods of recording and sending interactive messages and voice messages using mobile devices, as well as completing a communication after an incomplete call.

22.    The '949 Patent relates to interactive multimodal messaging on mobile devices. The technology described in the '949 Patent was developed by Ewald Anderl. The technology is implemented by infringing phones that permit users to create, send, receive, and interact with multimodal messages.

23.    The '978 Patent relates to integrating and transmitting voice messages with text messages on mobile devices. The technology described in the '978 Patent was developed by Ewald Anderl, Ajay Thapar, and Chinna Chockalingam. The technology is implemented by infringing phones that permit users to input and transmit voice content with a text message.

24.    The '227 Patent relates to completing an incomplete call on mobile devices. The technology described in the '227 Patent was developed by Inderpal Mumick, Surinder Anand, and Raja Moorthy. The technology is implemented by infringing phones that permit users to complete an incomplete call by detecting the incomplete call with a call completion application that determines call completion actions to be performed, such as setting a reminder, transmitting media

data, transmitting alerts and notifications, etc.

25.      The '030 Patent relates to multi-gesture media recording on mobile devices. The technology described in the '030 Patent was developed by Kieraj Mumick. The technology is implemented by infringing phones that permit users to record media data, such as audio or video by using different gestures such as press and hold, and swipe and hold, and where portions of the user interface dynamically change based on the detected type of gesture.

26.      TCL has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products including, but not limited to, TCL phones and tablets including, but not limited to, 10L, 10 Pro, 10 5G, 10 Plus, 10 SE, 10 5G UW, 20B, 20E, 20 SE, 20 5G, 20L, 20L+, 20S, 20 Pro 5G, L10 Pro, 20 R 5G, 20Y, 30 XE 5G, 30 V 5G, 305, 30E, 30 SE, 30, 30+, 30 5G, FLIP Pro, Signa, Tab 8, Tab 8 4G, 10 TabMax Wi-Fi, 10 TabMax 4G, 10 TabMid Wi-Fi, 10 TabMid 4G, NxtPaper, Tab 10s, Tab Pro, Tab Pro 5G, Tab 10L, Tab NxtPaper 10s, Tab 10 HD 4G, Tab 10s 5G, Tab Family Edition, and any other TCL devices within the same product families as those named herein. Additionally, TCL has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products including, but not limited to, Alcatel brand phones and tablets including, but not limited to, MyFlip, My Flip 2, Tetra, IdealXTRA, Onyx, Avalon V, Go Flip 3, Go Flip 4, Go Flip V, Smartflip, Insight, 1, 1B, 1C, 1L, 1L Pro, 1S, 1SE, 1V, 1X, 3, 3L, 3V, Apprise, Lumos, Glimpse, Axel, Volta, Joy Tab, Joy Tab Kids, Joy Tab 2, Tkee Mini, Tkee Mid, Tkee Max, Smart Tab 7, 3T8, 3T10, and any other Alcatel devices within the same product families as those named herein

(collectively, the "exemplary Accused Devices"), all of which are pre-configured or adapted with the Android operating system and Google Messages.

## COUNT I
### (Infringement of the '949 Patent)

27.    Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

28.    Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '949 Patent.

29.    Defendants have and continue to directly infringe the '949 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '949 Patent. Upon information and belief, Defendants directly infringe claim 1 by performing the claimed method in the United States, including at least through testing and qualification of the Accused Products by Defendant or their agents. On information and belief, such products include at least the TCL and Alcatel tablets and phones that enable a user to create and transmit interactive multimodal messages to a recipient.

30.    For example, Defendants have and continue to directly infringe at least claim 1 of the '949 Patent through the use of the claimed method in the United States. For example, Defendants' products use an application on the mobile device and server to automatically create, transmit, and trigger interactive multimodal messages. As an example, the exemplary Accused Devices running the Google Android operating system create interactive multimodal messages using a client application, wherein the multimodal messages are stored at a server controlled by the user:





31.     Defendants' products running the Google Android operating system send notifications with pointers to the stored messages, triggering stored multimodal messages on the Defendants' mobile devices which automatically transmit information through the triggered interactive multimodal message:



32.    At all times during the performance of the claimed method, the user controls the hardware and software used to perform the claimed method. The user obtains the benefit of the use of the claimed method, including through saving bandwidth, increasing convenience, and allowing the method to operate in situations in which it would not otherwise be able to operate.

33.    Defendants have and continue to indirectly infringe one or more claims of the '949 Patent by knowingly and intentionally inducing others including, but not limited to, network operators, server operators, TCL's customers, and end-users to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that create, transmit, and trigger interactive multimodal messages.

34.    Defendants, with knowledge that these products, or the use thereof, infringe the

'949 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '949 Patent by providing these products to end-users for use in an infringing manner.

35.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '949 Patent, but while remaining willfully blind to the infringement.

36.     Multimodal has suffered damages as a result of Defendants' indirect infringement of the '949 Patent in an amount to be proved at trial.

37.     Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '949 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '978 Patent)

38.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

39.     Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '978 Patent.

40.     Defendants have and continue to directly infringe the '978 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '978 Patent. On information and belief, such products include at least the TCL and Alcatel tablets and phones that record and store voice content and send a text message with a voice message notification allowing the recipient to listen to said recorded voice content.

41.      For example, Defendants have and continue to directly infringe at least claim 10 of the '978 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use an application on the mobile device and server to record and store voice content, and send a text message with a voice message notification allowing the recipient to listen to said recorded voice content. Defendants directly infringe by, for example, "using" the claimed invention in the United States through qualification and testing. Defendants control the system as a whole and obtain benefit from it, for example, by saving bandwidth, increasing convenience, and allowing the system to operate in situations in which it would not otherwise be able to operate. As another example, Defendants directly infringe by "making" the claimed invention in the United States, by combining them into one system including the claimed server. As an example of this infringement, the exemplary Accused Products running the Google Android operating system and using network servers, support a client application, such as Google Messages, to integrate and transmit voice content in a text message:



42.    Defendants' products store a list of addresses of recipients and include a user interface for the user to input voice and text messages. For example, the exemplary Accused Products include memory to store phone numbers and addresses and include a touch screen and microphone.

43.    Defendants' products use a server to remotely record and store voice messages and provide access to the recipients. For example, the exemplary Accused Products use a network server to store audio messages where it can access the audio messages to play them for the recipient of the message.

17



44.    Defendants have and continue to indirectly infringe one or more claims of the '978 Patent by knowingly and intentionally inducing others including, but not limited to, network operators, server operators, TCL's customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that integrate and send voice content in short message service messages.

45.    Defendants, with knowledge that these products, or the use thereof, infringe the '978 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '978 Patent by providing these products to end-users for use in an infringing manner.

46.    Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '978 Patent, but while remaining willfully blind to the infringement.

47.    Multimodal has suffered damages as a result of Defendants' direct and indirect infringement of the '978 Patent in an amount to be proved at trial.

48.    Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '978 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '227 Patent)

49.    Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

50.    Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '227 Patent.

51.    Defendants have and continue to directly infringe the '227 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '227 Patent. On information and belief, such products include at least the TCL and Alcatel branded tablets and phones that complete an incomplete call including detecting the incomplete call and receiving and triggering call completion actions.

52.    For example, Defendants have and continue to directly infringe at least claim 1 of the '227 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use a call completion applications to detect incomplete calls and provide call

completion actions for execution on the TCL or Alcatel mobile device. As an example, the exemplary Accused Products running the Google Android operating system and Google Duo, provide a call completion application to complete an incomplete call by detecting the incomplete call and performing a call completion action based on the caller's selection:









53.     Defendants have and continue to indirectly infringe one or more claims of the '227 Patent by knowingly and intentionally inducing others, including TCL's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use a call completion application to detect incomplete calls and perform call completion actions selected by the caller.

54.     Defendants, with knowledge that these products, or the use thereof, infringe the '227 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '227 Patent by

providing these products to end-users for use in an infringing manner.

55.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '227 Patent, but while remaining willfully blind to the infringement.

56.     Multimodal has suffered damages as a result of Defendants' direct and indirect infringement of the '227 Patent in an amount to be proved at trial.

57.     Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '227 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

<u>COUNT IV</u>
**(Infringement of the '030 Patent)**

58.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

59.     Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '030 Patent.

60.     Defendants have and continue to directly infringe the '030 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '030 Patent. On information and belief, such products include at least the TCL and Alcatel tablets and phones that use a processor and computer readable storage medium to store and execute a gesture-based media recording application.

61.     For example, Defendants have and continue to directly infringe at least claim 8 of the '030 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include a processor and storage to store and use a gesture-based media recording

application for recording audio. As an example, the exemplary Accused Products running the Google Android operating system, support a user interface to detect a first and second gesture input by the user and record media based on the gestures detected through applications, such as Google Messages:



62.    Defendants have and continue to indirectly infringe one or more claims of the '030 Patent by knowingly and intentionally inducing others, including TCL's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use processor and computer readable storage medium to execute a gesture

based media recording application such as Google Messages.

63.    Defendants, with knowledge that these products, or the use thereof, infringe the '030 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '030 Patent by providing these products to end-users for use in an infringing manner.

64.    Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '030 Patent, but while remaining willfully blind to the infringement.

65.    Multimodal has suffered damages as a result of Defendants' direct and indirect infringement of the '030 Patent in an amount to be proved at trial.

66.    Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '030 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Multimodal prays for relief against Defendants as follows:

a.    Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

     c.     An order awarding damages sufficient to compensate Multimodal for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

     d.     Entry of judgment declaring that this case is exceptional and awarding Multimodal its costs and reasonable attorney fees under 35 U.S.C. § 285; and

     e.     Such other and further relief as the Court deems just and proper.

Dated:  November 29, 2022          Respectfully submitted,

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

***ATTORNEYS FOR PLAINTIFF,
MULTIMODAL MEDIA LLC***