**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MULTIMODAL MEDIA LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>TCL TECHNOLOGY GROUP<br>CORPORATION, TCL ELECTRONICS<br>HOLDINGS LIMITED, TCL<br>COMMUNICATION TECHNOLOGY<br>HOLDINGS LIMITED, TCL<br>COMMUNICATION LIMITED, TCT<br>MOBILE INTERNATIONAL LIMITED,<br>HUIZHOU TCL MOBILE<br>COMMUNICATION COMPANY LIMITED,<br>and TCL MOBILE COMMUNICATION (HK)<br>COMPANY LIMITED<br><br>                    Defendants. | Case No. 2:22-cv-00463<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
FOR IMPROPER SERVICE UNDER FED. R. CIV. P. 12(B)(5) AND
PLAINTIFF'S ALLEGATIONS OF INDIRECT INFRINGEMENT FOR
FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)**

# TABLE OF CONTENTS

Page

I.      BACKGROUND FACTS ................................................................................................ 1

II.     APPLICABLE LEGAL STANDARDS ........................................................................ 2

        A.      Service of Process, Fed. R. Civ. P. 4, and Fed. R. Civ. P. 12(b)(5) ...................... 2

        B.      Pleading Standards and Fed. R. Civ. P. 12(b)(6) ................................................... 3

III.    ARGUMENT ................................................................................................................. 4

        A.      Plaintiff's Complaint Should Be Dismissed For Improper Service ....................... 4

        B.      Plaintiff's Indirect Infringement Claims Should Be Dismissed ............................ 5

IV.     CONCLUSION .............................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACQIS LLC v. Lenovo Group Ltd.*,
  572 F.Supp.3d 291 (W.D. Tex. 2021).............................................................................2, 4, 5

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964).........................................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................................3, 4

*In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012).......................................................................................6

*Buffalo Pats., LLC v. ZTE Corp.*,
  No. W-21-CV-01065-ADA, 2022 WL 2055285 (W.D. Tex. June 3, 2022) ...........................2

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632, 135 S. Ct. 1920 (2015)..............................................................................6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................................................................6

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006)........................................................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017)........................................................................................6

*Macrosolve, Inc. v. Antenna Software, Inc.*,
  No. 6:11-CV-287, 2012 WL 12903085 (E.D. Tex. Mar. 16, 2012) .........................................2

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
  2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ................................................................5, 6

*Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*,
  No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134 (E.D. Tex. Oct. 22, 2019) ...................3, 4

**Statutes**

Texas Civil Practice and Remedies Code Sec. 17.044 .......................................................2, 3, 4, 5

**Other Authorities**

Fed. R. Civ. P. 4 ..................................................................................................................2

Fed. R. Civ. P. 12(b)(5) ................................................................................................2, 4, 5

Fed. R. Civ. P. 12(b)(6) ......................................................................................................3

Defendants TCL Technology Group Corporation et al. (collectively "Defendants" or "TCL") are all foreign entities located in China and Hong Kong and respectfully move the Court for the dismissal of this litigation under Federal Rule of Civil Procedure 12(b)(5) for improper service.  By this motion, TCL is only making a special appearance for the purpose of raising the referenced service issue; TCL does not make a general appearance. Plaintiff Multimodal Media LLC ("Plaintiff" or "Multimodal") attempted service of process on the Defendants by serving a local office of the Texas Secretary of State, but that method of service is inadequate under the Hague Service Convention for entities located in China and Hong Kong.  Dismissal is appropriate because none of the Defendants have been properly served under the Hague Service Convention.

Defendants also move for the dismissal of Plaintiff's claims of indirect patent infringement (i.e., inducement and/or contributory infringement) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The Complaint fails to allege facts that plausibly show that the Defendants had actual pre-suit knowledge of the asserted patents, much less actual pre-suit knowledge that another party's acts constituted infringement.  Both are prerequisites to a claim of indirect infringement.  Plaintiff's claim of indirect infringement should therefore be dismissed for failure to state a claim.

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Should the Court dismiss this lawsuit for improper service of process?

Defendants' Answer: YES


2.      Is dismissal of Plaintiff's indirect infringement claims proper when the Complaint fails to allege facts plausibly showing that the Defendants knew of the asserted patents and knew that another party's acts constituted infringement?

Defendants' Answer: YES

# I.    BACKGROUND FACTS

Plaintiff filed the Complaint on November 29, 2022, alleging that certain TCL phones and tablets sold under the TCL and Alcatel brands infringe the claims of four patents:  U.S. Patent No. 7,929,949 (the "'949 Patent"), U.S. Patent No. 8,107,978 (the "'978 Patent"), U.S. Patent No. 9,185,227 (the "'227 Patent"), and U.S. Patent No. 10,552,030 (the "'030 patent") (collectively, the "Asserted Patents").  These four patents are generally directed to text messaging (the '949 and '978 Patents), voice calls (the '227 Patent), and multi-gesture recordings (the '030 Patent).  *See* Compl., ¶¶21-26 (ECF No. 1).

The Asserted Patents were originally owned by a New Jersey company called KIRUSA Inc.  USPTO assignment records indicate that KIRUSA transferred ownership of the Asserted Patents to AAWAAZ Inc. in April of 2020 and that AAWAAZ Inc. then transferred ownership to Plaintiff in October of 2021.

Plaintiff filed this case and three others like it on the same day in the Eastern District of Texas against several mobile device manufacturers alleging infringement of the Asserted Patents. There are no allegations that Plaintiff is in the same line of business, much less a competitor of TCL.  There are no allegations that TCL had any prior business relationship or interactions with Plaintiff.  Similarly, there are zero allegations that TCL had knowledge of the Asserted Patents prior to the date when Plaintiff filed its Complaint, much less knowledge of the alleged infringement.  Plaintiff did not even attempt to contact TCL about its infringement allegations until after the Complaint was filed.  Despite these facts, the Complaint alleges that each of the Defendants is liable for indirect infringement, i.e., induced and/or contributory infringement.  *See* Compl., ¶¶ 12, 26, 33-35, 44-46, 53-55, 62-64.

Plaintiff failed to properly serve each of the named Defendants with the Complaint and

Summons.  Defendants TCL Technology Group Corporation, TCL Communication Technology Holdings Limited, TCL Communication Limited, and Huizhou TCL Mobile Communication Company Limited are foreign entities located in China.  *See* Compl., ¶¶ 2, 4, 5, 7.  Defendants TCL Electronics Holdings Limited, TCT Mobile International Limited, and TCL Mobile Communication (HK) Company Limited are foreign entities located in Hong Kong.  *See* Compl., ¶¶ 3, 6.  Rather than properly serve the Defendants in accordance with the requirements of the Hague Service Convention, Plaintiff served an office of the Texas Secretary of State located in Austin, Texas on December 6, 2022.  *See* Returned Summons, ECF Nos. 10-16.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Service of Process, Fed. R. Civ. P. 4, and Fed. R. Civ. P. 12(b)(5)

The vehicle for dismissing an action for improper service is Fed. R. Civ. P. 12(b)(5), but service of process is governed by Fed. R. Civ. P. 4.  For entities located outside the United States, like the Defendants to this lawsuit, service under Fed. R. Civ. P. 4 must also comply with all applicable treaties or conventions – namely the Hague Service Convention.  Plaintiff attempts to rely on Texas Civil Practice and Remedies Code Sec. 17.044, which allows for <u>substitute service of process on certain defendants</u> by serving an agent at the Texas Secretary of State.  But Texas courts have recently held that this method of service is improper for defendants in foreign countries that have objected to service via mail because the Hague Service Convention preempts Sec. 17.044.  *See ACQIS LLC v. Lenovo Group Ltd.*, 572 F.Supp.3d 291, 298-302 (W.D. Tex. 2021); *see also Buffalo Pats., LLC v. ZTE Corp.*, No. W-21-CV-01065-ADA, 2022 WL 2055285, at *6 (W.D. Tex. June 3, 2022) (*citing Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012) ("Because substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents

abroad, the Hague Convention is implicated); *Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*, No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *3–4 (E.D. Tex. Oct. 22, 2019) ("the [Hague] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies").  Service of process by mail is not permitted in China or Hong Kong[1] so service of the Defendants under Texas Civil Practice and Remedies Code Sec. 17.044 is improper because it conflicts with the requirements of Hague Service Convention for service in China and Hong Kong.

### B.    Pleading Standards and Fed. R. Civ. P. 12(b)(6)

When the sufficiency of a complaint is challenged in a Fed. R. Civ. P. 12(b)(6) motion, the plaintiff must demonstrate that the "complaint … contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678. Plausibility requires showing more than the "sheer possibility" of relief but less than a probable entitlement to relief.  *Id*.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

While pleaded facts must be accepted as true for purposes of a motion to dismiss, courts

---

[1] *See* China Judicial Assistance Information (state.gov) (https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html) (Exhibit A) and Hong Kong judicial Assistance Information (state.gov) (https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html) (Exhibit B).

should not credit mere conclusions that are not plausibly supported by pleaded facts.  "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim are insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* at 678.

## III.    ARGUMENT

### A.    Plaintiff's Complaint Should Be Dismissed For Improper Service

The pleadings themselves establish that the named Defendants are foreign entities in China and Hong Kong (*see* Compl., ¶¶ 2-7) and that Plaintiff attempted service on all the Defendants under Texas Civil Practice and Remedies Code Sec. 17.044 by serving an agent at a local office of the Texas Secretary of State (*see* Returned Summons, ECF Nos. 10-16).  This method of service is inadequate and improper in this instance because, once served, the Texas Secretary of State mails a notice of service to the defendants.  *See Traxcell Techs.*, 2019 WL 8137134, at *3.  Because China and Hong Kong have objected to service by mail (*see* footnote 1 above and Exhibits A and B), the Texas Secretary of State's practice of mailing a notice of service does not meet the requirements of the Hague Service Convention for these countries.  Dismissal is therefore required under Fed. R. Civ. P. 12(b)(5) and district court precedent.

Judge Alan Albright recently addressed this very same issue in *ACQIS LLC v. Lenovo Group Ltd.*, 572 F.Supp.3d 291 (W.D. Tex. 2021) and dismissed the Chinese and Mexican defendants for improper service.  *Id*. at 302.  After a thorough discussion and analysis of Texas law, the Hague Service Convention, and U.S. Supreme Court precedent, Judge Albright concluded that service of process on the Chinese and Mexican defendants was not complete when an agent at the Texas Secretary of State received process and that the Texas Secretary of State's practice of

forwarding a notice of service by mail did not comport with the requirements of Hague Service Convention when the defendant entities are in countries that have objected to service by mail.  *Id.* at 298-302.  Citing the U.S. Dept. of State – Bureau of Consular Affairs website, Judge Albright observed that China and Mexico do not permit service of process by mail, which in turn prohibits service under Texas Civil Practice and Remedies Code Sec. 17.044.  *Id.* at 300, *citing* fn. 4.  The same principle applies here and Defendants cite the same source (the U.S. Dept. of State – Bureau of Consular Affairs website) to show that service of process by mail is improper in China and Hong Kong – the two countries where the Defendants are located.  *See* Exhibits A and B.

For these reasons, the Court should Grant the Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(5) for the improper service of all Defendants.

### B.      Plaintiff's Indirect Infringement Claims Should Be Dismissed

The Complaint asserts that each Defendant has indirectly infringed the claims of the Asserted Patents by purportedly inducing and/or contributing to infringement by "end users" (i.e., infringement under 35 U.S.C. §271 (b) and (c)).  *See* Compl., ¶¶ 12, 26, 33-35, 44-46, 53-55, 62-64.  To survive a motion to dismiss on claims of inducement and/or contributory infringement, a plaintiff must plead facts plausibly showing that the accused infringer (i) knew of the patent, and (ii) knew as well that the acts of the third-party constitute patent infringement.  *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) ("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent."); *see also Nobelbiz, Inc. v. Insidesales.com, Inc.*, 2014 WL 12378804, *2 (E.D. Tex. Oct. 14, 2014) ("Induced infringement "requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").  For an induced infringement claim "to survive a motion

to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party's] act constituted infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (*quoting In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

Like induced infringement, contributory infringement requires knowledge of the patent-in-suit and knowledge that the accused product is especially made or adapted to be used in an infringing manner.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926 (2015) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)); *see also Nobelbiz*, 2014 WL 12378804 at *2 ("A party contributorily infringes a patent if: (1) it sells or offers to sell a material or apparatus for use in practicing a patented process; (2) that is material to practicing the invention; (3) which has no substantial non-infringing uses; (4) and is known by the party to be especially made or especially adapted for use in an infringement of such patent").

Here, the Complaint does not allege facts plausibly showing that any of the Defendants had pre-suit knowledge of the Asserted Patents or knew that another party's acts constituted infringement.  In fact, Plaintiff alleges that the Defendants received notice of the alleged infringement through the filing of the Complaint.  *See* Compl., ¶¶ 34, 45, 54, 63.  The Complaint does not even include a formulaic recitation of the elements for induced infringement and contributory infringement (as identified above), much less facts that would plausibly support the elements of Plaintiff's indirect infringement claims against each of the Defendants, which, this Court has recognized, must be alleged to survive a motion to dismiss.  *See Nobelbiz*, 2014 WL 12378804 at *3-4; *see also Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, *4 (E.D. Tex. Aug. 14, 2015) (granting motion to dismiss induced infringement and contributory

infringement claims).

Under this Eastern District of Texas precedent, the Court should dismiss Plaintiff's charges of indirect infringement for failure to state a claim.

## IV.    CONCLUSION

For the reasons explained above, each of the Defendants respectfully requests that the Court dismiss this litigation for improper service.  The Defendants also request dismissal of Plaintiff's claims of indirect infringement (i.e., inducement and/or contributory infringement) for failure to state a claim.

Respectfully submitted,

Dated:  December 27, 2022

/s/
Scott Yackey (Texas Bar No. 24100052)
HARNESS, DICKEY & PIERCE, P.L.C.
2801 Network Boulevard
Suite 600
Frisco, TX 75034
Tel.: 469-777-5400
Fax: 469-777-5401
syackey@harnessip.com

Robert M. Siminski (P44319) (to be admitted *pro hac vice*)
Glenn E. Forbis (P52119) (to be admitted *pro hac vice*)
Lead Attorney
J. Bradley Luchsinger (P76115) (to be admitted *pro hac vice*)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Suite 200
Troy, MI 48098
248-641-1600
rmsiminski@ harnessip.com
gforbis@harnessip.com
bluchsinger@ harnessip.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 27, 2022 a copy of the foregoing was filed and served through the Court's ECF system. All parties may access a copy of this document through the Court's system.

/s/
Scott Yackey